# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ABMAN GLASTER,

    Plaintiff,

    v.

WARDEN, *et al.*,

    Defendants.

Case No. 2:19-cv-00015-RFB-VCF

**ORDER**

Before this Court is Plaintiff's Motion for TRO / Injunction. ECF Nos. 3, 4. Plaintiff is a prisoner housed at Clark County Detention Center. ECF No. 1-1. Plaintiff alleges that he has been prescribed Oxycodone, 15 mg, 4 times per day by Dr. Rucker but has not received this medication, which is necessary to manage his chronic pain. Id. Plaintiff further alleges that Defendants will not schedule a consult with a chiropractor or allow Plaintiff to be seen by a prison doctor for his condition. Id. Plaintiff seeks emergency injunctive relief from this Court ordering Defendants to: (1) issue pain medication as prescribed by Dr. Rucker; (2) schedule Plaintiff a consultation with a chiropractor; and (3) reimburse $17.63 to Plaintiff's inmate account. ECF Nos. 3, 4.

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter,

555 U.S. 7, 20 (2008)).  A preliminary injunction may also issue under the "serious questions" test.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter).  According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements.  Id. at 1134-35 (citation omitted).

A pretrial detainee's claims regarding inadequate medical care fall under the Fourteenth Amendment's Due Process Clause, which imposes an "objective deliberate indifference" standard.  Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  A Plaintiff must prove four elements for a successful claim: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."  Id.  The third element requires the court to consider if the defendant's conduct is "objectively unreasonable."  Id.  The inquiry is case specific, turning on the particularities of the facts and circumstances in a case.  Id.  A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."  Id.

Plaintiff attaches several grievances to his Complaint demonstrating his pursuit of pain medication and a chiropractic consultation, but the Court does not have medical records or other objective evidence to support Plaintiff's allegations at this time.  Grievance responses suggest that prison policy forbids Oxycodone within the facility and that Defendants have been attempting to manage Plaintiff's pain with ibuprofen.  The record before the Court at this time does not demonstrate deliberate indifference to Plaintiff's medical needs.  Because Plaintiff has not yet raised serious questions going to the merits, the Court denies the motion for a temporary restraining order.  However, the Court defers ruling on the motion for a preliminary injunction pending a review of Plaintiff's medical records and a hearing.

The Court notes that it will consider the motion for a preliminary injunction with regard to Plaintiff's request for pain medication and a back pain consultation, but will not consider Plaintiff's request for monetary reimbursement, as monetary injury is not irreparable. See <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980).

Therefore,

**IT IS ORDERED** that the Motion to Amend (ECF No. 5) is GRANTED and the attached complaint shall be filed by the Clerk of Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for TRO (ECF No. 3) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of the Amended Complaint and Motion for Preliminary Injunction upon the warden at the Clark County Detention Center.

**IT IS FURTHER ORDERED** that Defendants' response to Plaintiff's Motion for Injunction (ECF No. 4) is due by February 11, 2019.

**IT IS FURTHER ORDERED** that Defendants are instructed to provide Plaintiff's medical records to the Court under seal by February 12, 2019.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Motion for Injunction (ECF No. 4) is set for February 19, 2019 at 11:00 AM in LV Courtroom 7C.

DATED: <u>February 2, 2019</u>.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**